**Purvis Ray CARTWRIGHT,
Petitioner–Appellant**

v.

**T. C. OUTLAW, Warden, Respondent–
Appellee.**

No. 07–40803

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 2008.

Purvis Ray Cartwright, Beaumont, TX,
pro se.

Before WIENER, GARZA, and
BENAVIDES, Circuit Judges.

PER CURIAM: *

Purvis Ray Cartwright, federal inmate
# 59478–079, appeals the dismissal without
prejudice of his 28 U.S.C. § 2241 petition
for failure to exhaust administrative reme-
dies. Cartwright challenged a prison dis-
ciplinary hearing and the resulting loss of
good time credit. This court reviews a
district court's dismissal of a § 2241 peti-
tion for failure to exhaust administrative
remedies for an abuse of discretion. *Full-
er v. Rich,* 11 F.3d 61, 62 (5th Cir.1994).

Cartwright first argues that he did ex-
haust his administrative remedies. How-
ever, Cartwright's appeal to National In-
mate Appeals Administrator, despite the
Regional Director's order for a rehearing,
did not exhaust his administrative reme-

dies. If an "agency has offered to reexam-
ine its decision it should be permitted to do
so." *Smith v. Thompson,* 937 F.2d 217,
219 (5th Cir.1991). Cartwright's adminis-
trative appeals following the rehearing also
do not show exhaustion because the re-
hearing and subsequent administrative ap-
peals all occurred *after* he had filed his
§ 2241 petition. *See Fuller,* 11 F.3d at 62.

Cartwright also argues that exhaustion
should be excused because the extensive
delay in scheduling the rehearing sug-
gests that exhaustion would be futile and
because the administrative process was bi-
ased against him. Exceptions to the ex-
haustion requirement arise when "avail-
able administrative remedies either are
unavailable or wholly inappropriate to the
relief sought, or where the attempt to ex-
haust such remedies would itself be a pat-
ently futile course of action." *Fuller,* 11
F.3d at 62 (internal quotation marks and
citation omitted). These exceptions "ap-
ply only in extraordinary circumstances,"
and the petitioner bears the burden of es-
tablishing that administrative review
would be futile. *Id.* The fact that Cart-
wright did successfully appeal to the Re-
gional Director following his first hearing
demonstrates that the review process was
not "unavailable," "inappropriate," or
"patently futile." *See id.*

The judgment of the district court is
AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.